# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA
### THIRD DIVISION

_____

In Re:                                                  Bky. Case No. 09-31625
                                                        Chapter 7
        John R. Dolan,
                        Debtor

_____

Michael J. Iannacone, Trustee,

        vs.                                             Adv. No. 11-_____

Sugarbush, Inc., a Minnesota Corporation;
Daniel Dolan and Jeanne Dolan; Patrick F. Dolan
and Terri Dolan,

                Defendants.

_____

        For his Complaint against Defendants herein, Plaintiff Michael J. Iannacone,

Trustee, alleges and states as follows:

        1.      This adversary proceeding is commenced pursuant to Fed. R. Bankr. P.

7001 et seq. and 11 U.S.C. §§ 544, 547(b), 548,  and 550.  This court has jurisdiction

over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P.

7001(1) and Local Rule 1070-1.  This adversary proceeding is a core proceeding pursuant

to 28 U.S.C. §157(b)(2).  The petition commencing this case was filed March 17, 2009.

Michael J. Iannacone was appointed as Trustee for the Chapter 7 bankruptcy estate; this

case is now pending before this Court.

        2.      Defendants are subject to jurisdiction in this Court, and venue is proper

pursuant to 28 U.S.C. §1409.

## GENERAL ALLEGATIONS

3.      In March 1995, the Debtor John R. Dolan along with his  brothers Michael

Dolan and Defendants Daniel Dolan and Patrick Dolan organized Sugarbush, Inc., a

Minnesota Corporation, with each of them holding 100 shares of the corporation,

representing a 25 per cent interest for each.

4.      In 1995 and 1996, Sugarbush, Inc., acquired approximately 800 acres of

undeveloped property in Washburn County, Wisconsin.

5.      On or about February 23, 2006, the Debtor John R. Dolan executed a

personal promissory note in the face amount of $126,191.11 to Chippewa Valley Bank,

Hayward, Wisconsin, with final payment thereon due February 23, 2008. A true and

correct copy of the promissory note is attached hereto as Exhibit A.

6.      To secure the loan obligation, Sugarbush, Inc., granted to Chippewa

Valley Bank a mortgage on its Washburn County real estate. A true and correct copy of

the mortgage is attached hereto as Exhibit B.

7.      The Debtor John R. Dolan defaulted on his obligations under the

promissory note.

8.      On or about April 21, 2008, the Debtor's obligation on the promissory

note was $133,031.94; the obligation was satisfied by payment of $66,515.97 by Patrick

Dolan and Terri Dolan and by payment of $66,515.97 by Daniel Dolan and Jeanne

Dolan.  True and correct copies of the payment record and checks are attached hereto as

Exhibit C.

9.      As a consequence of said payments of Debtor's indebtedness to Chippewa Valley Bank, Defendants caused 65.5 shares of Debtor's stock in Sugarbush, Inc., to be forfeited and cancelled.  Said cancellation of 65.5 shares of Debtor's stock is referred to herein as the "CVB Transfers."

10.     Debtor from time to time fell behind on his financial obligations to Sugarbush, Inc., including his share of obligations for mortgage debt service, taxes, repairs, and interest.  By reason of his failure to make required payments, Debtor suffered forfeiture and cancellation of his remaining shares in Sugarbush, Inc., approximately as follows:

| Date | Shares Cancelled |
|------|------------------|
| c. July 25, 2007 | 6.00 |
| c. October 26, 2007 | 1.875 |
| c. April 2008 | 26.15 |

Said cancellation of the remaining shares of Debtor's stock is referred to herein as the "Sugarbush Transfers."

11.     By reason of family relationships, Defendants Daniel Dolan and Jeanne Dolan (spouse of Daniel Dolan) and Patrick F. Dolan and Terri Dolan (spouse of Patrick F. Dolan) are "insiders" of the Debtor pursuant to 11 U.S.C §101 (31) (A) (i) and Minn. Stat. §513.41.

12.     At times material hereto, Defendant Sugarbush, Inc., was an "insider" of the Debtor by reason of 11 U.S.C §101 (31) (A) (iv), 11 U.S.C §101 (2) (B), and 11 U.S.C §101 (31) (E) and Minn. Stat. §513.41.

## COUNT ONE
Avoidance and Recovery of Insider Preferences
(The CVB Transfers)

13.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 12 of his Complaint herein.

14.     By reason of their payment of Debtor's obligations to Chippewa Valley Bank under his February 23, 2006, promissory note, Defendants Daniel Dolan and Jeanne Dolan and Patrick F. Dolan and Terri Dolan became unsecured creditors of Debtor John R. Dolan in the amount of $133,031.94.

15.     The cancellation of 65.5 shares owned by the Debtor by reason of the payment of the $133,031.94 bank debt by Daniel Dolan and Jeanne Dolan and Patrick F. Dolan and Terri Dolan enhanced the value of their interest in Sugarbush, Inc. by not less than $133,031.94, thereby constituting payment in full of the indebtedness arising by reason of their payment of the Debtor's loan from Chippewa Valley Bank.

16.     At the time of the CVB Transfers, Defendants Daniel Dolan and Jeanne Dolan and Patrick F. Dolan and Terri Dolan were creditors of the Debtor by reason of their payment of the Debtor's loan from Chippewa Valley Bank.

17.     The CVB Transfers constituted a transfer of an interest of the Debtor in property.

18.     The CVB Transfers were for or on account of antecedent debts owed by the Debtor to said Defendants at the time the CVB Transfers were made.

19.     The CVB Transfers were made for the benefit of Defendants Daniel Dolan and Jeanne Dolan and Patrick F. Dolan and Terri Dolan.

4

20. The CVB Transfers were made to or for the benefit of Insiders within one year of the Debtor's bankruptcy filing.

21. The Debtor was insolvent at the time of the CVB Transfers.

22. The CVB Transfers enabled Defendants Daniel Dolan and Jeanne Dolan and Patrick F. Dolan and Terri Dolan to recover more than they would receive as creditors if (a) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (b) the Transfers had not been made, and (c) the Defendants received payment of their debt to the extent provided by the provisions of Title 11 of the United States Code.

23. Pursuant to 11 U.S.C. § 547(b), the CVB Transfers are avoidable.

24. Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from Defendants Daniel Dolan and Jeanne Dolan and Patrick F. Dolan and Terri Dolan the avoided CVB Transfers or the value thereof.

## COUNT TWO
Avoidance and Recovery of Insider Preferences
(The Sugarbush Transfers)

25. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 12 of his Complaint herein.

26. At the time of the Sugarbush Transfers in and after April 2008, the Debtor was indebted to Sugarbush, Inc., in the alleged amount of approximately $76,500.

27. By reason of his failure to pay said amount, the Debtor suffered cancellation and forfeiture of approximately 26.15 shares of his stock in Sugarbush, Inc.

28.     The cancellation of approximately 26.15 shares owned by the Debtor by reason of his failure to pay approximately $76,500 in obligations and capital calls to Sugarbush, Inc., constituted payment in full of the indebtedness allegedly owed by Debtor to Sugarbush, Inc.

29.     At the time of the Sugarbush Transfers, Defendant Sugarbush, Inc., was a creditor of the Debtor.

30.     The Sugarbush Transfers constituted a transfer of an interest of the Debtor in property.

31.     The Sugarbush Transfers were for or on account of antecedent debts owed by the Debtor to said Defendant at the time the CVB Transfers were made.

32.     The Sugarbush Transfers made after March 17, 2008, were made to or for the benefit of an Insider within one year of the Debtor's bankruptcy filing.

33.     The Debtor was insolvent at the time of the Sugarbush Transfers.

34.     The Sugarbush Transfers enabled Defendant Sugarbush, Inc., to recover more than it would receive as a creditor if (a) the Debtor's bankruptcy case were a case under chapter 7 of Title 11 of the United States Code, (b) the Sugarbush Transfers had not been made, and (c) the Defendant Sugarbush, Inc., received payment of its debt to the extent provided by the provisions of Title 11 of the United States Code.

35.     Pursuant to 11 U.S.C. § 547(b), the Sugarbush Transfers are avoidable.

36.     Pursuant to 11 U.S.C. § 550(a), the Trustee may recover from Defendant Sugarbush, Inc., the avoided Sugarbush Transfers or the value thereof.

## COUNT THREE
Avoidance and Recovery of Constructive Fraudulent Transfers
(11 U.S.C. §§548 and 550)

37.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 12 of his Complaint herein.

38.     The Debtor received less than reasonably equivalent value in exchange for the CVB Transfers.

39.     At the time of the CVB Transfers, the Debtor was insolvent or became insolvent as a result of such transfers.

40.     The CVB Transfers are avoidable by the Trustee pursuant to 11 U.S.C. §548 (B) (i) and 11 U.S.C. §548 (B) (ii) (I).

41.     Pursuant to 11 U.S.C. §550 (a), Plaintiff is entitled to recover from Defendant Sugarbush, Inc., the CVB Transfers or the value of the property transferred.

42.     The Debtor received less than reasonably equivalent value in exchange for the Sugarbush Transfers.

43.     At the time of the Sugarbush Transfers, the Debtor was insolvent or became insolvent as a result of such transfers.

44.     The Sugarbush Transfers are avoidable by the Trustee pursuant to 11 U.S.C. §548 (B) (i) and 11 U.S.C. §548 (B) (ii) (I).

45.     Pursuant to 11 U.S.C. §550 (a), Plaintiff is entitled to recover from Defendant Sugarbush, Inc., the Sugarbush Transfers or the value of the property transferred.

## COUNT FOUR

Avoidance and Recovery of Constructive Fraudulent Transfers
(11 U.S.C. §544 and Minn. Stat. §§ 513.44 and 513.45)

46.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 12 of his Complaint herein.

47.     The Debtor received less than reasonably equivalent value in exchange for the CVB Transfers.

48.     At the time of the CVB Transfers, the Debtor was insolvent or became insolvent as a result of such transfers.

49.     At the time of the CVB Transfers, there existed one or more creditors of the Debtor who could have exercised rights and remedies under Minn. Stat. § 513.45 and Minn. Stat. §513.47; such creditors include the Internal Revenue Service, shown as Schedule F of the Debtor's Statement of Financial Affairs as owed $2,227.00 for "Business Taxes from 2002," and also include Karen Marie Dolan for domestic support obligations.

50.     Pursuant to 11 U.S.C. §544, the Trustee has the right and power to avoid transfers that are avoidable under Minn. Stat. §§513.45 and 513.47; the CVB Transfers are avoidable by the Trustee pursuant to 11 U.S.C. §544 and Minn. Stat. §§513.45 and 513.47.

51.     The Debtor received less than reasonably equivalent value in exchange for the Sugarbush Transfers.

52.     At the time of the Sugarbush Transfers, the Debtor was insolvent or became insolvent as a result of such transfers.

53.     The Sugarbush Transfers were made to an insider for an antecedent debt and the insider had reasonable cause to believe that the debtor was insolvent by reason, among other things, of the Debtor's default on the loan from Chippewa Valley Bank and his default on various obligations to Sugarbush, Inc.

54.     The Sugarbush Transfers are avoidable by the Trustee pursuant to 11 U.S.C. §544 and Minn. Stat. §§513.45 and 513.47.

55.     The CVB Transfers and the Sugarbush Transfers are also avoidable by the Trustee pursuant to 11 U.S.C. §544 and Minn. Stat. §513.44 (a) (1) in that:

    a.     The transfers were to an insider (Minn. Stat. § 513.44 (b) (1));

    b.     The transfers were not disclosed, despite the Debtor's obligation to have disclosed the transfers on his Statement of Financial Affairs filed in his bankruptcy case (Minn. Stat. § 513.44 (b) (3));

    c.     The CVB Transfers and the Sugarbush Transfers together represented substantially all of the Debtor's assets (Minn. Stat. §513.44 (b) (5)); at the time of his bankruptcy filing in March 2009, the Debtor listed total assets of $11,222.00;

    d.     The Debtor received less than reasonably equivalent value for the CVB Transfers and the Sugarbush Transfers (Minn. Stat. § 513.44 (b) (8)); and,

    e.     The Debtor was insolvent at the time of the transfers or became insolvent shortly after the transfers (Minn. Stat. § 513.44 (b) (9)).

.

56.     Pursuant to 11 U.S.C. §550 (a), Plaintiff is entitled to recover from Defendant Sugarbush, Inc., the CVB Transfers and the Sugarbush Transfers, or the value of the property transferred.

WHEREFORE, Plaintiff Michael J. Iannacone, as Trustee for the bankruptcy estate of John R. Dolan, prays for relief as follows:

1.     On Count One, for Judgment against Defendants Daniel Dolan and Jeanne Dolan and Patrick F. Dolan and Terri Dolan avoiding the CVB Transfers and for recovery of $133,031.94 plus interest thereon;

2.     On Count Two, for Judgment against Defendant Sugarbush, Inc., avoiding the Sugarbush Transfers and for recovery of $76,500.00 plus interest thereon;

3.     On Count Three, for Judgment against Defendant Sugarbush, Inc., avoiding pursuant to 11 U.S.C. §548 the CVB Transfers and the Sugarbush Transfers, and for recovery of the property transferred or the value thereof;

4.     On Count Four, for Judgment against Defendant Sugarbush, Inc., avoiding pursuant to 11 U.S.C. §544 and Minn. Stat. §§513.44 and 513.45 the CVB Transfers and the Sugarbush Transfers, and for recovery of the property transferred or the value thereof; and,

5.     For such other and further relief as may be equitable and just.

Dated: March 15, 2011                        _____/e/ Gordon B. Conn, Jr._____
                                             Gordon B. Conn, Jr. (#18375)
                                             Kalina, Wills, Gisvold & Clark, P.L.L.P.
                                             6160 Summit Drive, Suite 560
                                             Minneapolis, MN 55430
                                             612-789-9000
                                             conn@kwgc-law.com
                                             Attorneys for Trustee Michael J. Iannacone

**Exhibit A**

Loan Number 13500

BUSINESS
W.B.A.   GP 451 (4/04)   11221
© 2004 Wisconsin Bankers Association / Distributed by FIPCO®

# BUSINESS NOTE
(Use only for business purpose loans)

*Boxes not checked are inapplicable.*

JOHN DOLAN _____ February 23, 2006 _____ $ 126,191.11 _____
(MAKER)                              (DATE)

**1. Promise to Pay and Payment Schedule.** The undersigned ("Maker," whether one or more) promises to pay to the order of _____
Chippewa Valley Bank _____ ("Lender") at P.O. Box 13098,
Hayward _____, Wisconsin, the sum of $ 126,191.11 _____ , plus interest on the unpaid principal
balance, according to the following schedule:

**3 payment(s) consisting of accrued interest beginning August 23, 2006 and continuing semi-annually thereafter, plus a final payment of the unpaid principal plus accrued interest due on February 23, 2008.**

**Semi-annually means on the same day of each consecutive 6 month period.**

**2. Interest Calculation.** This Note bears interest on the unpaid principal balance before maturity:
[Check (a) or (b); only one shall apply.]
(a) ☒ Fixed Rate. At the annual rate of ___7.500___%.
(b) ☐ Variable Rate. At the annual rate ("Note Rate") which shall equal the Index Rate (as defined below), ☐ plus ☐ minus _____ n/a _____
percentage points. However, the Note Rate shall not exceed ___n/a___% per year and shall not be less than ___n/a___% per year, and until the first
change date described below the Note Rate shall be ___n/a___% per year. The Note Rate shall be adjusted as provided below. The Index Rate is:
___n/a___

The Index Rate may or may not be the lowest rate charged by Lender. The Note Rate shall be adjusted only on the following dates:
___n/a___

An adjustment in the Note Rate will result in an increase or decrease in (1) ☐ the amount of each payment of interest, (2) ☐ the amount of the final
payment, (3) ☐ the number of scheduled periodic payments sufficient to repay this Note in substantially equal payments, (4) ☐ the amount of each
remaining payment of principal and interest so that those remaining payments will be substantially equal and sufficient to repay this Note by its
scheduled maturity date, (5) ☐ the amount of each remaining payment of principal and interest (other than the final payment) so that those remaining
payments will be substantially equal and sufficient to pay this Note by its [*illegible*] maturity date based on the original amortization schedule used
by Lender, plus the final payment of principal and interest, or ☐ [*illegible*]

In addition, Lender is authorized to change the amount per [*illegible*] payment if and to the extent necessary to pay in full all accrued interest owing on
this Note. The Maker agrees to pay any resulting payments or amounts. If the Index Rate ceases to be made available to Lender during the term of
this Note, Lender may substitute a comparable index.

Interest is computed:
(c) ☒ For the actual number of days principal is unpaid on the basis of ☒ a 360 day year (which means that the stated interest rate will be divided by 360
days to arrive at a daily interest rate, and the daily interest rate will be applied to the unpaid principal for the actual number of days principal is unpaid up
to 365 days in a calendar year and 366 days in a leap year) ☐ a 365 day year.
(d) ☐ For the number of days principal is unpaid on the basis of a 360 day year, counting each day as 1/30th of a month and disregarding differences in
lengths of months and years.
Unpaid principal and interest bear interest after maturity until paid (whether by acceleration or lapse of time) at the rate ☐ which would otherwise be
applicable under 2(b) above plus ___n/a___ percentage points ☒ of ___7.500___% per year, computed on the same basis as the interest rate before
maturity.

**3. Other Charges.** If any payment (other than the final payment) is not made on or before the ___10th___ day after its due date, Lender may collect a
delinquency charge of ☒ ___5.00___% of the unpaid amount ☐ $ n/a _____. Maker agrees to pay a charge of $ ___15.00___
for each check presented for payment under this Note which is returned unsatisfied.

**4. Prepayment.** Full or partial prepayment of this Note ☒ is permitted at any time without penalty ☐ ___n/a___
___n/a___

THIS NOTE INCLUDES ADDITIONAL PROVISIONS ON REVERSE SIDE.

OTHER PROVISIONS:
SECURED BY BUT NOT LIMITED TO THE FOLLOWING COLLATERAL:
Real Estate Mortgages dated 06-06-05 and 2-23-06 from Sugarbush, Inc.,
800 acres in Washburn County to be loaned to John Dolan.

_____ (SEAL)
(Type of Organization)

_____ (SEAL)
JOHN DOLAN

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

17888 Jubilee Way Apt. A

Lakeville, MN 55044  (612) 645-2581
(ADDRESS)                         (PHONE)

[Stamp: CHIPPEWA VALLEY BANK  APR 2 1 2008  WINTER WISCONSIN]

FOR LENDER CLERICAL USE ONLY

NOTE #35857
PORT #403462
PRODUCT #10418

Randall J. Somerville
LOAN OFFICER

# DECLARATION OF BUSINESS PURPOSE

To Chippewa Valley Bank                                                    (Lender)

P.O. Box 13098

Hayward, WI 54843

I have applied to the above named Lender for credit in the amount of $ 126,191.11 _____ or such lesser sum as the Lender agrees to lend. I represent and warrant to the Lender that the credit will be used primarily (50% or more) for business or commercial purposes.

This Declaration is to confirm that no disclosures under the Federal truth-in-lending law are required and that the transaction is not governed by the Wisconsin Consumer Act because the credit is not primarily for a personal, family or household purpose.

Dated February 23, 2006 _____.

X _____
     JOHN  DOLAN

X _____

X _____

X _____

For Wisconsin residents only: I am married and the obligation described above is being incurred in the interest of my marriage or family.

X _____

X _____

X _____

X _____

**Exhibit B**

W. B. A.    GP 426 (6/02)    11142

© 2002 Wisconsin Bankers Association / Distributed by FIPCO®

DOCUMENT NO.

# REAL ESTATE MORTGAGE
### (For Consumer or Business Mortgage Transactions)

SUGARBUSH INC

_____ ("Mortgagor,"
whether one or more) mortgages, conveys, assigns, grants a security interest in and warrants
to Chippewa Valley Bank
   P.O. Box 13098, Hayward, WI 54843
("Lender") in consideration of the sum of
One Hundred Twenty Six Thousand One Hundred Ninety One and 11/100
_____ Dollars

($ 126,191.11 ), loaned or to be loaned to JOHN DOLAN

_____ ("Borrower," whether one or more),
evidenced by Borrower's note(s) or agreement dated February 23, 2006

the real estate described below, together with all privileges, hereditaments, easements and
appurtenances, all rents, leases, issues and profits, all claims, awards and payments made
as a result of the exercise of the right of eminent domain, and all existing and future
improvements and fixtures (all called the "Property") to secure the Obligations described in
paragraph 5 on the reverse side, including but not limited to repayment of the sum stated
above plus certain future advances made by Lender.

**1. Description of Property.** (This Property is not the homestead of Mortgagor.)
   see attached description

Recording Area

Name and Return Address
Chippewa Valley Bank

P.O. Box 13098
Hayward, WI 54843

Parcel Identifier No.

[X] If checked here, description continues or appears on attached sheet.
[ ] If checked here, this Mortgage is a construction mortgage.
[ ] If checked here, Condominium Rider is attached.

**2. Title.** Mortgagor warrants title to the Property, excepting only restrictions and easements of record, municipal and zoning ordinances, current taxes
and assessments not yet due and _____

**3. Escrow.** Interest will not _____ be paid on escrowed funds and _____ is required under paragraph 8(a) on the reverse side.
                    (will)   (will not)

**4. Additional Provisions.** Mortgagor agrees to the additional provisions on the reverse side, which are incorporated herein.
The undersigned acknowledges receipt of an exact copy of this Mortgage.

COPY

### NOTICE TO CUSTOMER IN A TRANSACTION GOVERNED BY THE WISCONSIN CONSUMER ACT
(a)  DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED.
(b)  DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES.
(c)  YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d)  YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY
      BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

Signed and Sealed February 23, 2006

SUGARBUSH INC _____ (SEAL)

A Minnesota Corporation _____
            (Type of Organization)

By: _____ (SEAL)    _____ (SEAL)
   MICHAEL A DOLAN, President

By: _____ (SEAL)    _____ (SEAL)
   PARTICK F DOLAN, Vice President

By: _____ (SEAL)    _____ (SEAL)
   DANIEL DOLAN, Secretary

By: _____ (SEAL)    _____ (SEAL)

═══ AUTHENTICATION ═══   —OR—   ═══ ACKNOWLEDGEMENT ═══

Signature of _____

authenticated this _____ day of _____

_____

Title: Member State Bar of Wisconsin or _____
authorized under § 706.06, Wis. Stats.
   This instrument was drafted by
   Chippewa Valley Bank/ S. Aubart

*Type or print name signed above.

STATE OF WISCONSIN
                              } ss.
County of _____

This instrument was acknowledged before me on February 23, 2006
by MICHAEL A DOLAN, PARTICK F DOLAN,
and DANIEL DOLAN
                    (Name(s) of person(s))

as President, Vice President and Secretary
                    (Type of authority; e.g., officer, trustee, etc., if any)

of SUGARBUSH INC
         (Name of party on behalf of whom instrument was executed, if any)

_____

Notary Public, Wisconsin
My Commission _____

MUST BE ATTACHED TO MORTGAGE

LENDER: Chippewa Valley Bank, P.O. Box 13098, Hayward, WI 54843
MORTGAGOR(S): SUGARBUSH INC

### Real Estate Description Attachment

Parcel I
The NE ¼ of the SE ¼ and the SE ¼ of the SE ¼, Section 18, Township 41 North, Range
10 West.

| | | |
|---|---|---|
| 65-038-2-41-10-18-4-1-0010 | 2004  tax | $707.50 |
| 65-038-2-41-10-18-4-4-0010 | | $790.16 |

Parcel II
The NE ¼, Section 18, Township 41 North, Range 10 West.

| | | |
|---|---|---|
| 65-038-2-41-10-18-1-1-0010 | 2004 tax | $590.80 |
| 65-038-2-41-10-18-1-2-0010 | | $126.43 |
| 65-038-2-41-10-18-1-3-0010 | | $292.97 |
| 65-038-2-41-10-18-1-4-0010 | | $126.43 |

The SW ¼ of the NE ¼ W of RR ROW; SE ¼ of the NW ¼;  SW ¼; S ½ of the SE ¼ W
of RR ROW and the NW ¼ of the SE ¼ W of RR ROW all in Section 17, Township 41
North, Range 10 West.

| | | |
|---|---|---|
| 65-038-2-41-10-17-1-3-0010 | 2004 tax | $134.93 |
| 65-038-2-41-10-17-2-3-0010 | | $311.19 |
| 65-038-2-41-10-17-2-4-0010 | | $578.64 |
| 65-038-2-41-10-17-3-1-0010 | | $161.68 |
| 65-038-2-41-10-17-3-2-0010 | | $209.09 |
| 65-038-2-41-10-17-3-3-0010 | | $458.30 |
| 65-038-2-41-10-17-3-4-0010 | | $104.55 |
| 65-038-2-41-10-17-4-4-0010 | | $151.94 |
| 65-038-2-41-10-17-4-3-0010 | | $560.42 |
| 65-038-2-41-10-17-4-2-0020 | | $245.56 |

The NE ¼ of the NE ¼ W of RR ROW, the NW ¼ of the NE ¼, the SE ¼ of the NE ¼,
the E ½ of the NW ¼, Section 20, Township 41 North, Range 10 West,
All in Washburn County, Wisconsin

| | | |
|---|---|---|
| 65-038-2-41-10-20-1-1-0020 | 2003 tax | $458.30 |
| 65-038-2-41-10-20-1-2-0010 | | $478.96 |
| 65-038-2-41-10-20-1-4-0010 | | $595.65 |
| 65-038-2-41-10-20-2-1-0010 | | $220.04 |
| 65-038-2-41-10-20-2-4-0010 | | $469.23 |



# CHIPPEWA
# VALLEY
# BANK

## ACKNOWLEDGEMENT
## OF

**Mortgage Note**
**Truth-in-Lending**
**W-9**
**Settlement Statement**
**Mortgage**
**Condominium Rider**

**STATE OF** _Minnesota_ )

**COUNTY** _Ramsey_ )

Personally came before me this _28th_ day of _February_, _2006_, the
Following named party(ies) to the attached Mortgage Note documents as stated above for
Note #35857 with Chippewa Valley Bank, Hayward, WI 54843 and /or assigns.

(X) _____
Michael A. Dolan

to be known to be the person who executed the attached loan documents and
acknowledged the same.

(X) _____
* _Sheila Reardon_ (print name)
Notary Public, _Sheila Reardon_ County, State Of _Minnesota_
My Commission expires: _January 31, 2010_

SHEILA REARDON
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010

Bruce: P.O. Box 37, Bruce, Wisconsin 54819 • 715 / 868-3502 • FAX 715 / 868-3504
Hayward: P.O. Box 13098, Hayward, Wisconsin 54843 • 715 / 634-5400 • FAX 715 / 634-5768
Lac du Flambeau: P.O. Box 97, Lac du Flambeau, Wisconsin 54538 • 715 / 588-9012 • FAX 715 / 588-1931
Lake Nebagamon: P.O. Box 130, Lake Nebagamon, Wisconsin 54849 • 715 / 374-2005 • FAX 715 / 374-2013
Radisson: P.O. Box 92, Radisson, Wisconsin 54867 • 715 / 945-2251 • FAX 715 / 945-2305
Weyerhaeuser: P.O. Box 256, Weyerhaeuser, WI 54895 • 715 / 353-2698 • FAX 715 / 353-4628
Winter: P.O. Box 5, Winter, Wisconsin 54896 • 715 / 266-3501 • 715 / 945-2612 • FAX 715 / 266-3009



# CHIPPEWA
# VALLEY
# BANK

## ACKNOWLEDGEMENT
## OF

### Mortgage Note
### Truth-in-Lending
### W-9
### Settlement Statement
### Mortgage
### Condominium Rider

STATE OF _MINNESOTA_ )

COUNTY _RAMSEY_ )

Personally came before me this _29_ day of _February_, _2006_, the
Following named party(ies) to the attached Mortgage Note documents as stated above for
Note #35857 with Chippewa Valley Bank, Hayward, WI 54843 and /or assigns.

(X) _Daniel Dolan_
     Daniel Dolan

to be known to be the person who executed the attached loan documents and
acknowledged the same.

(X) _Biruk Maru_

    BIRUK BEKELE MARU
    Notary Public
    Minnesota
    My Commission Expires January 31, 2010

* _BIRUK MARU_ (print name)
Notary Public, _RAMSEY_ County, State Of _MINNESOTA_
My Commission expires: _Jan. 31, 2010_

Bruce: P.O. Box 37, Bruce, Wisconsin 54819 • 715 / 868-3502 • FAX 715 / 868-3504
Hayward: P.O. Box 13098, Hayward, Wisconsin 54843 • 715 / 634-5400 • FAX 715 / 634-5768
Lac du Flambeau: P.O. Box 97, Lac du Flambeau, Wisconsin 54538 • 715 / 588-9012 • FAX 715 / 588-1931
Lake Nebagamon: P.O. Box 130, Lake Nebagamon, Wisconsin 54849 • 715 / 374-2005 • FAX 715 / 374-2013
Radisson: P.O. Box 92, Radisson, Wisconsin 54867 • 715 / 945-2251 • FAX 715 / 945-2305
Weyerhaeuser: P.O. Box 256, Weyerhaeuser, WI 54895 • 715 / 353-2698 • FAX 715 / 353-4628
Winter: P.O. Box 5, Winter, Wisconsin 54896 • 715 / 266-3501 • 715 / 945-2612 • FAX 715 / 266-3009

# CHIPPEWA
# VALLEY
# BANK

## ACKNOWLEDGEMENT
## OF

**Mortgage Note**
**Truth-in-Lending**
**W-9**
**Settlement Statement**
**Mortgage**
**Condominium Rider**



TERRI F. DOLAN
Notary Public
Minnesota
My Commission Expires Jan. 31, 2009

**STATE OF** _Minnesota_ )

**COUNTY** _Washington_ )

    Personally came before me this _28th_ day of _February_, _2006_, the
Following named party(ies) to the attached Mortgage Note documents as stated above for
Note #35857 with Chippewa Valley Bank, Hayward, WI 54843 and /or assigns.

    (X) _Patrick F. Dolan_
        Patrick F.  Dolan


to be known to be the person who executed the attached loan documents and
acknowledged the same.

    (X) _Terri F. Dolan_
    * _Terri F. Dolan_ (print name)
Notary Public, _Washington_ County, State Of _MN_
My Commission expires _Jan 31, 2009_

TERRI F. DOLAN
Notary Public
Minnesota
My Commission Expires Jan. 31, 2009

Bruce: P.O. Box 37, Bruce, Wisconsin 54819 • 715 / 868-3502 • FAX 715 / 868-3504
Hayward: P.O. Box 13098, Hayward, Wisconsin 54843 • 715 / 634-5400 • FAX 715 / 634-5768
Lac du Flambeau: P.O. Box 97, Lac du Flambeau, Wisconsin 54538 • 715 / 588-9012 • FAX 715 / 588-1931
Lake Nebagamon: P.O. Box 130, Lake Nebagamon, Wisconsin 54849 • 715 / 374-2005 • FAX 715 / 374-2013
Radisson: P.O. Box 92, Radisson, Wisconsin 54867 • 715 / 945-2251 • FAX 715 / 945-2305
Weyerhaeuser: P.O. Box 256, Weyerhaeuser, WI 54895 • 715 / 353-2698 • FAX 715 / 353-4628
Winter: P.O. Box 5, Winter, Wisconsin 54896 • 715 / 266-3501 • 715 / 945-2612 • FAX 715 / 266-3009

**Exhibit C**

09/09/2009   16:29      6123790934          DOLAN PRINTING                    PAGE   09/09
09/09/2009   15:23      7155345768          CHIPPEWA VALLEY BANK              PAGE   08/08

---

CHIPPEWA VALLEY BANK

## LOAN CREDIT TRANSACTIONS
ACCOUNT TITLE

DATE 4-21-08

DRAWN BY PK

NAME John Dolan

TRAN CODE

* 341

ACCOUNT NUMBER

* 35857

AMOUNT

$   13303 1.94

| 327 Principal Payment | 330 Interest Decrease |
| 328 Principal Decrease | 331 Interest Waive |
| 341 Payoff | 332 Late Charge |
| Renew / Net Paid | 334 Late Charge Waive |
| 329 Interest Only | |

⑆55 20⑈0000⑆                    B98

LAS Credits - 04/21/2008

---

PATRICK F DOLAN                         Beyond Banking®              4961
TERRI F DOLAN
W12560 850TH AVE                        DATE 4-20-08              15-80/440
RIVER FALLS, WI 54022-4726

PAY TO THE ORDER OF   Chippewa Valley Bank    $ 66,515 97/100

sixty six thousand fivehundred fifteen 97/100

MEMO   John Dolan loan

⑆044008⑈ 0411600124731⑆ 4961

Transit - 04/21/2008

---

TCF                                            www.tcfexpress.com

JEANNE DOLAN                                        5019
2267 PRINCETON AVE
ST PAUL, MN 55105                              17-7803/2910 1
                                              9687345116

                            4-18-08
                                    Date

Pay to the Order of   Chippewa Valley Bank      $ 66515.97

Sixty six Thousand Six Hundred fifteen + 97/100   Dollars

TCF BANK

For John Dolan note payoff              5019

⑆2910700 0⑈ 9687345116⑈ 5019

Transit - 04/21/2008